IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ALBERT MARQUAVIOUSLAMAR )
ANDERSON, )
)
Plaintiff, )
)
v. )          1:23CV264
)
WINSTON-SALEM POLICE DEPT., )
 et al, )
)
Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action

pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*.

The form of the Complaint is such that a serious flaw makes it impossible to further process

the Complaint.  The problem is:

1.        Plaintiff's claims are confused and unclear in many respects.  For instance, the
          Complaint bases some claims on alleged breaches of the North Carolina
          Constitution or various state or local laws and policies.  However, claims
          under § 1983 must be based on allegations involving violations of the United
          States Constitution or federal statutes, not state or local law or policy.  It also
          appears that Plaintiff seeks to hold a number of Defendants liable based on
          their positions as supervisors, but theories of *respondeat superior* or liability
          predicated solely on a defendant's identity as a supervisor do not exist under
          § 1983.   Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).   The Complaint
          additionally names as Defendants a building which is not a person and
          therefore not a proper Defendant under § 1983, a state court magistrate who
          is immune from suit, see Stump v. Sparkman, 435 U.S. 349 (1978), and
          Plaintiff's former public defender who is not a state actor who can be sued
          under § 1983, see Polk County v. Dodson, 454 U.S. 312, 324 (1981).  It also
          names the Equal Employment Opportunity Commission even though the

lawsuit is in no way connected to Plaintiff's employment or to any employment issue. Further, most of Plaintiff's claims also appear to undermine his criminal convictions for speeding to elude arrest, possessing drug paraphernalia, and resisting an officer. He cannot raise such claims in a suit under § 1983 without first showing that such convictions were reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff makes no such showing and, in fact, the records of the North Carolina Department of Public Safety reflect that he is still incarcerated for those convictions. Finally, the Complaint frequently uses flowery language to state legal conclusions, but contains no basic facts supporting those conclusions. Plaintiff must make his claims clear, name proper Defendants, base his claims on allegations of intentional violations of his federal rights, provide the facts supporting each claim, and state in plain language how each Defendant allegedly violated his rights.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper 42 U.S.C. § 1983 forms, which corrects the defects cited above.

This, the 13th day of April, 2023.


　　　　　　　　　　　　/s/ L. Patrick Auld
　　　　　　　　　　　　**L. Patrick Auld**
　　　　　　　**United States Magistrate Judge**